BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

AMIE D. ROONEY (CABN 215324)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5061
FAX: (408) 535-5066
Amie.Rooney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMONTAE TERELL TOLIVER,<br><br>Defendant. | No. CR14-00051-RMW<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: January 19, 2016<br>Time: 9:00 a.m.<br>Courtroom 6 |

Plaintiff United States of America, by and through its undersigned counsel, the United States Attorney's Office for the Northern District, hereby submits its position regarding sentencing of defendant DEMONTAE TERELL TOLIVER ("Defendant") pursuant to Rule 32(b)(6)(B) of the Federal Rules of Criminal Procedure. This position is based on the attached Memorandum, the Pre-Sentence Report ("PSR"), the files and records of this case, and any argument to be presented at the sentencing hearing.

## BACKGROUND FACTS AND PROCEDURE

On January 29, 2014, a two-count Indictment was filed in the Northern District of California charging Defendant (and his co-defendant, Justin Everett Crutchfield) with two violations of 18 U.S.C. §§ 1591(a)(1) and (2) and 1594(a), Sex Trafficking of Children (Counts 1 and 2), two violations of 18 U.S.C. § 2251(a) and (e), Production of Child Pornography (Counts 3 and 4). Defendant was at large, despite his co-Defendant having been previously in custody on similar state charges for the same offense conduct, but was finally arrested on the federal warrant on February 8, 2014, and ordered detained. On December 10, 2014, a five count Superseding Indictment was filed charging both men with one count of conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. § 1594(c) (Count 1), to counts of sex trafficking of children and aiding and abetting, in violation of 18 U.S.C. §§ 1591(a)(1) and (2) and 1594(a) (Counts 2 and 3), and two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 4 and 5).

On July 15, 2015, a superseding information was filed, charging both defendants with a violation of 18 U.S.C. § 2425 – Use of Interstate Facilities to Transmit Information about a Minor, and Defendant pled guilty to the superseding information pursuant to a plea agreement with the government under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. In connection with this guilty plea, defendant agreed to a guideline calculation and to pay restitution to the victims as ordered by the Court at sentencing in an amount no less than $1000.00 per victim, but did not agree to a specific sentence of imprisonment. For its part, the government agreed that it would dismiss all the counts of the indictments at the time of sentencing, all of which carry mandatory minimum terms of imprisonment of either 10 (Counts 1-3) or 15 years (Counts 4-5), at the time of sentencing.

## GUIDELINES CALCULATION

While the guidelines are only advisory, the Court is still required to determine the accurate sentencing guidelines calculation and consider them as part of the 3553(a) factors. The Probation Office has determined that defendant's adjusted offense level is 25. This calculation is arrived at in the following manner:

Base Offense Level : 24 [U.S.S.G. § 2G1.3(a)(4)]

| | | | |
|---|---|---|---|
| Specific Offense Characteristics | | | |
| Use of a computer : | +2 | [U.S.S.G. § 2G1.3(b)(3)(A)] |
| Commercial Sex Act : | +2 | [U.S.S.G. § 2G1.3(b)(4)(B)] |
| Acceptance of Responsibility : | -3 | [U.S.S.G. § 3E1.1(a) and (b)] |
| Adjusted Offense Level : | 25 | |

(PSR ¶¶ 20-30). Defendant's criminal history score is five, and his criminal history category is III. (PSR ¶¶ 32-40). Thus, the advisory guidelines range for a recommended sentence is 60 months, the statutory maximum. (PSR Guideline Summary). The government agrees with the PSR's findings and calculations. The government recommends, in agreement with the Probation Officer, a guideline sentence of 60 months' imprisonment.

## GOVERNMENT'S POSITION REGARDING DEFENDANT'S OBJECTION

Defendant has objected to the inclusion of certain facts in the presentence report, contending that any factual allegations from the government which served as the basis for the original indictment is not properly included since it does not serve as the basis for the count to which defendant has pled guilty. The government concurs with the Probation Officer's response that no such limitation is required or, indeed, permitted. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court may receive and consider for the purpose of imposing an appropriate sentence.").

Under 18 U.S.C. § 3661, the Court may appropriately consider allegations in pending untried indictment, information concerning crimes for which defendant had been indicted, but was neither tried nor convicted, and, in some cases, evidence with respect to crimes of which defendant had been acquitted. *See United States v Young Ji Chung*, 71 F. Supp. 2d. 66, 69 (N.D.N.Y. 1999) ("[E]videntiary standards at sentencing hearings are less restricted than those applicable during trial, and as long as information that sentencing judge considers has sufficient indicia of reliability to support its probable accuracy, court may properly consider hearsay statements, evidence of uncharged crimes, dropped counts of indictment, and even alleged criminal activity resulting in acquittal when determining

sentencing."), *citing United States v. Watts*, 519 U.S. 148 (1997); *see also United States v. Lindsey*, 482 F.3d 1285, 1294 (11th Cir. 2007) (noting that "*Booker* does not forbid a district court from considering criminal acts for which a defendant has not been charged or has been acquitted as long as those acts are proved by a preponderance of the evidence"); *United States v. Quincoces*, 503 Fed. Appx. 800, 804, 2013 U.S. App. LEXIS 651, *9-10, 2013 WL 129570 (11th Cir. Fla. 2013); *United States v. Vanderwerfhorst*, 576 F.3d 929, 935, (9th Cir. 2009) ("[A] sentencing judge 'may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider, or the source from which it may come.'") (internal citations omitted); *accord United States v. Showalter*, 569 F.3d 1150, 1159 (9th Cir. 2009). "[H]earsay evidence of unproved criminal activity not passed on by a court," for example, "may be considered in sentencing." *Farrow v. United States*, 580 F.2d 1339, 1360 (9th Cir. 1978); *see also United States v. Romero-Rendon*, 220 F.3d 1159, 1163 (9th Cir. 2000) (holding that the district court may rely on an uncontroverted PSR to establish the factual basis for a sentencing enhancement).

Furthermore, under the advisory Sentencing Guidelines: "in resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indices of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. Following a letter request from the probation office, the government provided the probation officer with the discovery materials previously provided to the defendants, including but not limited to, hundreds of pages of agent and officer reports, sworn affidavits, and recorded interviews of witnesses including the victims. The information contained in paragraphs 8-14 of the PSR is a reasonable and truncated summary of the government's evidence. Other than the objections from counsel that the victims are not credible witnesses, Defendant has offered no contravening statement. [PSR, ¶ 18.] Bare assertions are an insufficient basis for the Court to find that the government's evidence is unreliable. *See United States v. Kimball*, 975 F.2d 563, 567 (9th Cir. 1992) ("One cannot allege that 'there are mistakes and then stand mute without showing why they are mistakes.'") (*quoting United States v. Roberson*, 896 F.2d 388, 391 (1990)); *see also Vanderwerfhorst*, 576 F.3d at 936.

As of this filing, Defendant has not filed his own sentencing memorandum or informed the government of what his position will be with regard to sentencing. Thus, the government can only provide its response to the objections Defendant made to the PSR. In his objections, Defendant contends that *all* of the information contained in the PSR at paragraphs 9-12 about the underlying offense conduct should be struck because it has "no relevance" to the offense of conviction and suggests that the admittedly troubled history of the minor victims demonstrates that they are somehow equally responsible for the crimes of the defendants. While it is true that in the plea agreement signed by the parties, the government has agreed, *once defendant is sentenced*, to dismiss the outstanding charges in the Indictment and Superseding Indictment, it is entirely disingenuous for Defendant to claim that those charges and the government's investigation of the case have no relevance to the Court in determining whether to accept the parties' proposed resolution and sentence Defendant accordingly. Moreover, the classic blaming of the minor victim of a sex crime as complicit in the sex crime itself should not be countenanced by the Court. It is as irrelevant as it is offensive.

It bears noting that Paragraph 9 of Defendant's plea agreement contains his express understanding that both the government and the probation office will provide the Court with "all information relevant to the charged offense *and* the sentencing decision" without qualification. For example, Paragraph 9 of the PSR, to which Defendant has objected describes how the victim minors met and interacted with him and a third man identified only as "Cash" at a San Jose 7-11 store after running away from a group home, including how they told him that they were both 17-years old and admitting that they used marijuana and engaged in sexual activity at his residence after willingly going there with the two strange men they had just met. Further, Paragraph 10 describes the arrival of the co-defendant into the scene, along with the facts of the prostitution activities engaged in that same day and the days immediately after, leading up to the posting of the picture of L.G. in a prostitution ad on the internet. These facts are *directly* relevant to the sentencing decision as they are included in the agreed-upon sentencing characteristics in the guideline calculation (*i.e.*, use of a computer, commission of a sex act). Similarly, the information contained in Paragraph 11 informs the court about the prostitution that the minors engaged in at the defendants' behest, including that the money earned by the minors was provided to defendants. There is simply no basis for Defendant's objections, let alone the wholesale

exclusion of this highly relevant information regarding the Defendant's criminal conduct in this case. The Court should deny these objections.

**GOVERNMENT'S POSITION REGARDING SENTENCE**

Probation has recommended that Defendant should be sentenced to 60 months' incarceration, plus 7 years of supervised release. The government agrees with the Probation Office that Defendant's crimes are extremely serious and warrant a significant period of incarceration as the appropriate punishment for Defendant's egregious crimes, which include all of the relevant conduct. Pursuant to Title 18, United States Code Section 3553(a), the Court must impose a sentence sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with correctional treatment. These factors warrant a significant period of incarceration.

The United States respectfully requests this Court accept the plea agreement submitted under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure which contemplates what amounts to a reduced sentence for Defendant which should be viewed in the context of both the offense conduct and the equities presented to the government in the context of settlement negotiations. The parties have agreed to a guideline range for the "charge bargain" violation which allows for a sentence well below the 10 or 15-year mandatory minimums which would be applicable had the government prevailed at trial on the original charges. Defendant is free to seek any sentence based on the 3553(a) factors.[1] The government, however, contends that it has already accounted for those factors in the negotiated plea to the statute charged in the Superseding Information, which generously reduced Defendant's exposure from a mandatory minimum of 15 years on multiple counts to a statutory maximum of 5 years on a single count of conviction. The government's recommended sentence of the statutory maximum 60 months, in this context, is nothing short of a windfall to Defendant, but yet still represents a significant

[1] The government reserves the right and requests leave of the Court to file a supplemental sentencing memorandum to address any arguments presented by Defendant after the filing of the present document.

sentence of imprisonment to this Defendant who has been involved with criminal behavior in one form or another since the age of 12, at least 5 years of supervised release as the statutory minimum (with conditions to be fixed by the Court), a fine to be determined by the Court, and a $100 special assessment. Such a sentence is at the low-end of the advisory range of 60 months as identified by the Probation Office (the actual guideline range, but for the statutory maximum would be 70-87 months), and reflects, in the opinion of the government, a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing. It should also be noted that the 60 month recommended sentence reflects a fractional difference between the Defendant and the co-defendant despite this Defendant's significant criminal history. Any further reduction based on the same factors that the Defendant already argued to the government in settlement negotiations would amount to double counting.

The government has agreed to this significantly reduced sentence primarily to avoid the further trauma to the victims which a trial would have inflicted on the victims, one of whom is still a minor over two years after the offense conduct concluded. Whether Defendant chooses to acknowledge it or not, the fact remains that one of the victims was 15-years-old and the other was 17-years old when they first encountered Mr. Crutchfield and Mr. Toliver, and each of them had sexual intercourse with Defendant prior to extracting themselves from the situation in June 2013. Over the course of approximately four days in June 2014, the minor victims, at both defendants direction, were made to engage in commercial sexual activities in order to secure money to fund the group's little party in a San Jose Motel 6. Whether or not these minors had previously run away from their group home, previously engaged in prostitution activities or not, or had any other behavioral problems does not excuse or explain Defendant's further victimization of children in this instance. Defendant has admitted through his guilty plea that he used a facility or means of interstate commerce to knowingly initiate the transmission of information about L.G., a minor who he knew was under the age of 16, when he participated in the posting of his telephone number on the Internet site Redbook along with photographs of L.G., with the intent to solicit others to pay to engage in sexual activity with her. Thus, Defendant has conceded, as he must, that L.G., the younger of the two victims, was under the age of 16 at the time of his illicit activities with her. The government has ample evidence that Defendant and his co-defendant directed the minors in prostitution,

advertised them on the Internet, took pictures of them engaged in simulated sexual activity with each other, and was in possession of those photos at the time of his arrest. As a result of these activities, the victims, who were no doubt suffering problems prior to their encounter with Defendant, have suffered on-going negative effects, and are finding it exceptionally difficult to put their lives back together. As described below, the absolute least that Defendant can do to acknowledge the role that he played in exploiting these two humans for his own personal gain, the parties have agreed that Defendant should pay restitution of at least $ 1000.00 to each of the two identified victims.

Consequently, the government recommends that this Court sentence Mr. Toliver to 60 months' imprisonment followed by probation's recommended 7 years of supervised release, and restitution to his victims so that they might attempt to put this whole tragic saga behind them.

**GOVERNMENT'S POSITION REGARDING RESTITUTION**

The Victims of Trafficking and Violence Protection Act incorporates the Trafficking Victims Protection Act of 2000 ("TVPA"). *See* 22 U.S.C. § 7101 et seq. (2008). The restitution provision of the TVPA, 15 U.S.C. § 1593 provides for mandatory restitution to victims,[2] "in addition to any other civil or criminal penalties authorized by law," and notwithstanding the provisions of MVRA. *See* 18 U.S.C. § 1593(a) (2008). Under the TVPA, victims of forced prostitution can obtain monetary restitution, even if the victims' earnings were derived from illegal conduct. *See United States v. Mammedov*, 304 Fed. Appx. 922, 926 (2d Cir. Dec. 30, 2008) ("Even if they engaged in illegal conduct, the women involved here were still . . . victims."). Also, orders of restitution under the TVPA are to be issued and enforced in accordance to the provisions of the MVRA. The TVPA focuses on how to calculate the victim's economic losses. As a result, when it comes to lost income, "the term 'full amount of the victim's losses' . . . shall . . . include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18 U.S.C. § 1593(b)(3). Thus, where the value of the

[2] *See U.S. v. Palmer*, 643 F.3d 1060, 1066 (8th Cir. 2011) (concluding that the defendants convicted of commercial sex trafficking of a child were required to pay mandatory restitution under MVRA).

victim's labor to the defendant cannot be easily determined (such as in the case of forced prostitution), restitution can be awarded by calculating the defendant's ill-gotten gains. *See United States v. Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010).

As the Court knows, the issuance of a restitution order under the MVRA or TVPA is mandatory. *See* § 2259(b)(4)(A). Unlike with a fine, a court may not decline to issue an order under this section because of the economic circumstances of the defendant. *See* § 2259(b)(4)(B)(i). But a restitution order "may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." § 3664(f)(3)(B); *see United States v. Lewis*, 791 F. Supp. 2d 81, 95 (D.D.C. 2011) (finding it appropriate to require only nominal periodic payments in satisfaction of the restitution order because of the defendant's limited financial ability); *see also United States v. Olivieri*, No. 09-743 (WHW), 2012 WL 1118763 (D.N.J. Apr. 3, 2012) (permitting the defendant to participate in an inmate financial responsibility program through which he could make payments in equal monthly installments of $50). In the present case, the parties have agreed to set the amount of restitution at not less than $ 1000.00 per victim. As of the filing of this memorandum, the government has not received any request or support for additional restitution beyond that to which the parties have already agreed. Therefore, the government requests that the Court order Defendant to pay restitution to each L.G. and E.O. in the amount of $ 1000.00 for a total of $ 2000.00, as recommended by the PSR. [*See* PSR, at Sentencing Recommendation, page 5.]

**CONCLUSION**

For all of these reasons, the government respectfully recommends that this Court sentence the defendant to the low-end of the advisory guideline range, or 60 months in custody, 7 years of supervised release, and to pay restitution in the amount of $ 1000.00 per victim, for a total of $ 2000.00. Such a sentence would be sufficient but not greater than necessary to address the defendant's criminal activities.

Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

Dated: January 12, 2016

/s/
AMIE D. ROONEY
Assistant United States Attorney