JAY RORTY [SBN: 135097]
Law Offices of Jay Rorty
835 Cedar Street
Santa Cruz, CA 95060
jay@rortylaw.com
Tel: 831-316-0722

Attorney for Defendant DEMONTAE TERELL TOLIVER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEMONTAE TERELL TOLIVER,<br><br>Defendant. | ) No.  CR 14-00051-RMW<br>)<br>)<br>)<br>) **SENTENCING MEMORANDUM**<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

Mr. Toliver and co-defendant Justin Crutchfield are before the court for sentencing on a single offense of 18 U.S.C. §2425, Use of Interstate Facilities to Transmit Information about a Minor.

The charge of conviction is a lesser offense the charges of human trafficking and production of child pornography that were present in the original Indictment.  The charges stem from several days that the defendants spent with two minor complainants E and L.  As discussed below, there are substantial factual disputes as to every aspect of the interaction over the course of those days, except for the facts stipulated to as a component of the plea.

This memorandum will note unresolved objections to the pre sentence report (hereafter PSR) and request a variance from the otherwise applicable guideline range to a sentence of thirty months.

1

Mr. Toliver agrees with guideline calculation in the Pre Sentence Report, but request a variance from the applicable guideline range and below the statutory maximum advocated by the government and the Probation Officer. Mr. Toliver also objects to two conditions of supervised release, computer monitoring and sexual offender treatment, including the use of polygraph exams.

## I.   THE COURT SHOULD CONSIDER ONLY THE OFFENSE CONDUCT ADMITTED TO IN THE PLEA AGREEMENT. ALL OTHER CONDUCT IS DISPUTED AND WOULD REQUIRE AN UNNCESSARY EVIDENTIARY HEARING

Mr. Toliver contends that the court should base in sentence on the facts agreed to as the factual basis in the Plea Agreement and in ¶13 of the PSR. Over the defense objections, the PSR contains a description of dismissed conduct in this case, encompassing ¶¶8-12.  Mr. Toliver hereby provides notice that the content of these paragraphs constitute disputed facts and, if the court intends to rely upon any of the facts alleged therein, requests an evidentiary hearing.

The Probation Officer's response to the defense objection to the inclusion of the paragraphs is accurate; the report may contain dismissed or acquitted information. Nevertheless, the report fails to address the information provided to Probation by defense counsel that would undermine the credibility of the E. and L.  The declarants and source of the information are in  ¶¶8-12. The information provided by the defense to Probation establishes that the complaining witnesses in this matter suffer from both significant mental health problems and substance abuse.  During the period of the offense conduct the complainants were using drugs and alcohol. Both have made prior allegations of sexual offenses against men that have been impeached, each time the allegations appeared designed to allow the complainants to avoid responsibility for their own conduct.

The impeachment information is not attached as an exhibit, if the court believes it

needs to resolve the factual dispute as to the allegations in ¶¶8-12 in order to impose

sentence, Mr. Toliver requests an evidentiary hearing resolve the disputed facts. The

defense submits that the Court should simply rely on the factual basis for the plea

agreement because it is not necessary to resolve a dispute in order to sentence on the one

count of conviction

**II. THIS COURT HAS DISCRETION TO IMPOSE A REASONABLE SENTENCE BELOW THE GUIDELINE RANGE**

**A. Post-Booker Sentencing Procedures**

In a wake of *United States v. Booker*, 543 U.S. 220 (2005), the Supreme

Court has made clear that district courts have discretion to consider *all* of the

characteristics of the offender and circumstances of the offense, and to reject

advisory guidelines that are not based on national sentencing data and empirical

research, or for some other reason do not provide an appropriate sentence for the

individual defendant. *See Spears v. United States*, 555 U.S. 261,129 S. Ct. 840, 172

L.Ed 2d 596 (2009) (per curiam) (holding that district courts may categorically reject

guideline in mine-run cases based on a policy disagreement with the Guidelines);

*Rita v. United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 S. 38 (2007);

*Kimbrough v. United States*, 552 U.S. 85 (2007).

Sentencing courts must calculate and consider the guideline range as a "starting

point in sentencing," but *may sentence outside* that range if such a sentence is

reasonable in light of the factors set forth in 18 U.S.C. §3553(a). *Gall*, 552 U.S. at 49-

50. The district court shall not presume that a within-guideline sentence is reasonable.

*Gall*, 552 U.S. at 50; *Rita v. United States*, 551 U.S. 338, 351 (2007).

Next, this Court must consider the pertinent §3553(a) factors, and decide whether

those factors call for a sentence outside the Guidelines. *Gall,* 552 U.S. at 49-50. The

sentencing judge is required "to consider every convicted person as an individual and every

case as a unique study in the human failings that sometimes mitigate, sometimes magnify,

the crime and the punishment to ensue." *United States v. Olhovsky*, __ F.3d __, 2009 U.S. App. LEXIS 7895 (3d Cir. April 16, 2009)[1] (citing *Gall*, 552 U.S. at 597). This Court may impose an out-of-guidelines sentence based on a *combination* of mitigating factors, including those which the advisory guidelines previously prohibited or discouraged by the Guidelines. The Court may consider all "information concerning the background, character, and conduct of [the defendant]...for the purpose of imposing an appropriate sentence." 18 U.S.C. §3661; *Rita*, 551 U.S. at 364-65 (sentencing courts may consider all factors including age, education, mental or emotional condition, medical condition, employment history, lack of guidance as a youth, family ties, or charitable service).

If the court determines that a sentence outside the guideline range is justified and reasonable, then it must decide what sentence is warranted, and must adequately explain its reasoning, "to allow for meaningful appellate review and to promote the perception of fair sentencing," applying a "deferential abuse-of-discretion standard." *Gall* at 50.

Finally, the over-arching directive in §3553(a) is for sentencing courts to impose a sentence that is "sufficient, but not greater than necessary," to accomplish the purposes set forth in §3553(a)(2). The authority of this Court to exercise its discretion to consider all the relevant factors and to grant below-Guidelines sentences has a significant impact in this case, as addressed below.

If the Court agrees with the PSR that an out-of-guidelines sentence is appropriate in this case, it is respectfully requested that this Court state its reasons with as required by *Gall*, to demonstrate to the appellate court the reasonableness of the sentence. *Gall*, 552 U.S. at 46, 50.

**B. The Court's Discretion To Sentence Below the Guideline Range**

In *Rita*, the Supreme Court acknowledged that a district court may exercise its

---

[1]  Ninth Circuit Senior Judge A. Wallace Tashima sat by designation as one of the three judges on this unanimous Third Circuit panel.

1  discretion to sentence below the Guideline range, based on its own fact-finding,

2  because "the case at hand falls outside the 'heartland,'" because "the Guidelines

3  sentence itself fails properly to reflect §3553(a) considerations," or because "the case

4  warrants a different sentence regardless." *Rita*, 551 U.S. at 351. In the present case,

5  mitigating factors addressed by §3553(a)(1) and (2), discussed below, justify a sentence

6  below the Guideline range, for all three of the reasons cited by the *Rita* court.

7        Sentencing courts need not and *may not* require 'extraordinary' circumstances

8  to justify a sentence outside the Guidelines and no courts may use a proportional

9  formula "for determining the strength of the justifications required for a specific

10  sentence." *Gall*, 552 U.S. at 41. This Court need only find that due to the pertinent

11  factors, the appropriate sentence falls outside the guideline range. *See Rita*, 551 U.S. at

12  351.

13  **III.  A NON-GUIDELINE VARIANCE BASED ON A COMBINATION OF**

14  **FACTORS IS ALSO WARRANTED HERE**.

15        Demontae Toliver grew up in two worlds. The world of his grandparents where he was

16  expected to attend school, do chores, dress appropriately and respect women. Demontae felt

17  secure in this world and succeeded in school when he was with his grandparents. (PSR ¶23-25.)

18        Demontae was placed with his grandparents when his mother Trineda was not able to care

19  for him. The time with his grandparents was frequently due to Trineda's periods of

20  unemployment, changes in her many relationships with abusive men and her substance abuse.

21  Periodically, Trineda would request that Demontae return to her custody and he would move

22  from his grandparents to a new home and often a new school district with his mother.

23        The times with Trineda were fraught with anxiety and discord. Throughout Demontae's

24  childhood, Trineda was involved in a series of often-abusive relationships with men who shared

25  her propensity for substance abuse. Trineda urged Demontae to model himself on these men,

26  including embracing the criminal life that the men led while involved with Trineda.

27

28

As described above the court has the authority to vary downwards from the otherwise applicable guideline range.  18 U.S.C.  3553(a) .  Under the pre-*Booker* Guidelines §5H1.12 mandated that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted."

In the post *Booker* world of variances, consideration of the factors that shaped a defendant's life and led to offense conduct is permissible. Where as here, the behavior taught to a young man and the models of adulthood urged on him by his mother demonstrate a direct connection between the lessons of early life and adult criminal conduct, the Court cannot and should not ignore this connection. In the most literal and visceral sense, Demontae was taught to devalue women and to treat them as objects. As the court will hear from him at sentencing and in the Mr. Toliver's letter to the court, this offense and the reflections afforded by nearly two years in custody (by far the longest term he has ever served) have caused him to engage a previously unknown level of self-reflection. As noted in the PSR ¶54, Demontae has a job waiting for him selling insurance and hopes to renew his musical career with positive message. A non guideline sentence of thirty months is supported by the nature of the offense, Mr. Toliver's personal characteristics and the rehabilitation demonstrated in his letter to the Court.

## IV.   A SEX OFFENDER DESIGNATION INCREASES MR. TOLIVER'S CUSTODY SENTENCE AND SUPPORTS A VARIANCE

Most federal prisoners are released to a Halfway House within twelve to six months of their release date. When an inmate has a "public safety factor" noting that they are a sex offender, they become ineligible for early placement into a Halfway House. Undersigned counsel is informed and believes that no Halfway House in the Bay Area, where Demontae would be released, will accept an inmate with a sex offender condition. He will then serve a prison sentence above and beyond the Court's otherwise intended sentence. The court should reduce the term imposed accordingly.

**V.     THE SEX OFFENDER TREATMENT RECOMMENDED, AS A CONDITION OF SUPERISED RELEASE IS DISCRETIONARY AND NOT REASONABLY RELATED TO THE OFFENSE.**

¶¶12-13 of the PSR Addendum recommends unspecified sex offender treatment to be determined by the Probation Officer. Mr. Toliver has two objections to this condition. The first is that, while he is statutorily required to register under California law, the condition is not reasonably related to the offense conduct.

A special condition of supervised release it can only be imposed if it meets the criteria delineated in 18 U.S.C. § 3583(d).  The condition must: "(1) be reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve those goals; and (3) be consistent with any pertinent policy statement issued by the sentencing commission." *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir 2012).  The government bears the burden of establishing the necessity of any condition of supervised release.  *United States v. Weber* 451 F.3d. 552, 558 (9th Cir. 2006).  Before imposing a condition that implicates a significant liberty interest, the Court must make an individualized determination of whether the condition is necessary.  *Id.* at 569.

The crime in this case does not involve any actual sexual contact with any person. While the complainants were minors, the offense occurred when Mr. Toliver was twenty-two years old and the complainants fifteen and seventeen. This age discrepancy demonstrates that, although all adult sexual contact with minors is concerning and has legal consequences, the age difference does not evidence a need for sex offender treatment. The Probation Office acknowledges that the condition is discretionary with the Court. Sex offender registration in and of itself is a substantial burden of Mr. Toliver's liberty. It carries the certainty that housing choices, associations with family and friends, all must be carefully navigated to comply with complex and onerous regulations. The court should exercise its discretion and determine that sex offender treatment is both not required and not reasonably related to the offense of conviction in this case.

7

If the court does impose sex offender treatment, Mr. Toliver requests that the court require a more specific statement from Probation as to what such treatment will entail so that he can make timely and informed objections.

**VI.    THE COMPUTER INTERNET AND MONITORING RECOMMENDED, AS CONDITIONS OF SUPERVISED RELEASE  IN ¶¶3-7 OF THE ADDENDUM ARE DISCRETIONARY, ARE NOT REASONABLY RELATED TO THE OFFENSE AND .**

As discussed above, the proposed conditions are discretionary with the court. Supervised release conditions must be narrowly tailored and not impose any deprivation of liberty greater than necessary.

United States v. Riley, 576 F.3d 1046 (9th Cir. 2009) (condition prohibiting defendant from using a computer to access any material relating to minors imposed a greater deprivation of liberty than reasonably necessary); United States v. White, 244 F.3d1199 (10th Cir. 2001)(condition that defendant "shall not possess a computer with internet access throughout his period of supervised release" was both too narrow and overly broad requiring remand – "any condition limiting [] use of a computer or access to the Internet must reflect these realities and permit reasonable monitoring by a probation officer"); United States v. Burroughs, 613 F.3d 233 (D.C. Cir. 2010) (fact that an offense is sometimes committed with the help of a computer does not mean that the district court can restrict the Internet access of anyone convicted of that offense).

The offense conduct in this case does not give rise to a sufficient to impose the conditions recommended in the Addendum. The case involves a one-time access to the internet by the co defendant, not Mr. Toliver. There is no suggestion that the conduct represents any pattern of mis-use of the internet or computers warranting the degree of intrusion requested by the PSR. Nothing in Mr. Toliver's history suggests the need for the proposed conditions.tn

Additionally, the limitation of viewing pornography is impermissibly vague in that Mr. Toliver could not conform his conduct to the condition and no Probation Officer could provide

him with an adequate definition of pornography that would allow him to comply with the condition.

## <u>CONCLUSION</u>

The Court must craft a sentence in accordance with the purposes of sentencing as described in 18 U.S.C. §3553(a.).  A review of those criteria demonstrates that a sentence of thirty months is consistent with and furthers the purposes of sentencing. The court should exercise its discretion and decline to impose the sexual offender treatment and computer monitoring.

Dated: January 13, 2016                      Respectfully Submitted,


_____s/s_____
Jay Rorty
Attorney for Demontae Terell Toliver